UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY HUDSON,                                    No. 09-11245

        Plaintiff,                              District Judge Denise Page Hood

v.                                              Magistrate Judge R. Steven Whalen

CORBY DeFOREST, ET AL.,

        Defendants.
                                             /

**REPORT AND RECOMMENDATION**

Before the Court is Defendant DeForest's May 20, 2009 *Motion to Dismiss for Failure to Exhaust Administrative Remedies as Required by 42 U.S.C. §1997e(a)* [Docket #8] which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be DENIED.

**I. BACKGROUND FACTS**

Plaintiff, a vision impaired MDOC inmate currently housed at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan, filed suit on April 3, 2009, alleging violations of his First, Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. §§1983, 1988.

Plaintiff alleges that between September 26, 2006 and January 24, 2007, he sent a total of seven kites requesting that Defendant DeForest, JFC's Classification Director, place him in the facility's job pool. *Complaint* at ¶5. He alleges that in each case, DeForest denied the

-1-

request, stating that his vision impairment made him ineligible for work or school. *Id.* Plaintiff also alleges that upon receiving DeForest's original response, he sent a medical kite to JCF Health Care, requesting his medical status and was informed by Health Care that his condition did not prevent him from working. *Id.* at ¶6. Upon presenting DeForest with the Health Care statement, Plaintiff alleges that on December 27, 2006, DeForest merely responded that "the computer . . . states no work or school." *Id.* at ¶7.

Plaintiff alleges that he filed a grievance on February 28, 2007 (JFC 07-03-00482-02e) complaining that unlike other handicapped prisoners, he not received a job assignment, noting that he held a job while previously housed at another MDOC facility. *Id.* at ¶11. He alleges that the Step One response mis-characterized his request, but nontheless encouraged him to contact the Defendant Michigan Braille Transcribing Fund for job consideration. *Id.* at ¶12. Plaintiff alleges that the Step Two response, consistent with DeForest's initial responses, erroneously stated that Health Care had found him "medically unemployable." *Id.* at ¶13.

Plaintiff notes that the January 12, 2009 Step III response acknowledged that as of January 20, 2007, his medical status had been revised to show "no school only." *Id.* at ¶14. The Step Three response indicated that "'it has been determined that the grievant may be eligible for certain assistance and services under the ADA.'" *Id.*, *Defendant's Brief, Exhibit B* at 1. JFC staff was advised "'to contact the ADA/Disability Management Coordinator in the Office of Equal Employment and Recruitment" for information regarding evaluation of the grievant and provision of assistance and services under the ADA, as appropriate.'" *Id.*

Plaintiff, suing Defendants in their individual and official capacities, requests damages as well as injunctive relief in the form of "the same opportunities that other sighted and unsighted prisoners have" in "getting a job." *Complaint* at pg. 7.

## II. STANDARD OF REVIEW

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is a dismissal without prejudice. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b) (6). However, in *Pointer v. Wilkinson,* 502 F.3d 369 (6th Cir.2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies. If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford,* the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.,* 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra,* 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones,* it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.; Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

## III. ANALYSIS

Defendant DeForest argues that Plaintiff's failure to mention her name at Step One of the grievance process mandates dismissal of the claims against her. *Defendant's Brief* at 2-6, *Docket #8.* Specifically, she contends that Plaintiff's failure to name her at Step One places him in non-compliance with the MDOC's grievance policy. *Id.* at 5.

"[E]xhaustion is not per se inadequate [under the PLRA] simply because an individual later sued was not named in the grievances." *Okoro v. Hemingway,* 481 F.3d 873, 874 (6th Cir.2007) ( *citing Jones v. Bock, supra,* 549 U.S. at 215, 127 S.Ct. at 921, 923-25)). However, if such a requirement is written into the prison's administrative procedures, compliance is mandatory if a defendant is to be considered exhausted. *Jones v. Bock, supra; Woodford v. Ngo, supra.* Current MDOC policy states that the "[d]ates, times, places and names of all those involved in the issue being grieved are to be included" in the original grievance. MDOC Policy Directive 03.02.130 ¶ R (Effective December 19, 2003).[1]

To be sure, Plaintiff's Step One grievance, as stated here, did not mention DeForest by name:

> "I have been trying to get into the job pool. I've been told a various number [of] excuses as to why I can't get a job. I am exempt from school because of my handicap. I've kited Health Care to be sure of my no being on a "00" status. Now they tell me that because of my handicap there is no jobs. If I'm not mistaken, there is a Braille manufacturing factory on the the grounds. What would be wrong with a blind man working at a place the produces (unreadable) for the blind!"

*Defendant's Brief, Exhibit B.* The response states in pertinent part that "[i]nvestigation indicates that the prisoner is not medically clear to work, and so the Classification Director [DeForest] does not have the ability to assign him to a job." *Id.*

The fact that Plaintiff did not identify DeForest by *name* is not fatal to the claim,

---

[1] While the Policy Directive in question was amended on July 9, 2007, the older version is applicable to Plaintiff's February 28, 2007 Step One grievance.

despite the language of the policy directive. *See Harrington v. Smolinski,* 2006 WL 549383, *3 (W.D.Mich. 2006)("Although Plaintiff did not mention Defendant Smolinski by name, he sufficiently identified her by the title of 'Classification Director'"). While Plaintiff did not identify DeForest by either name or title, the Step One grievance response makes clear that prison staff 1) were aware that DeForest was the target of the grievance 2) in fact, made DeForest aware of the contents of the grievance before crafting a response, placing her on notice of the complaints against her at the first step of the process. Moreover, "[t]he fact that Plaintiff's grievance was ruled upon at three separate steps and decided on its merits is evidence that MDOC itself was satisfied that Plaintiff provided the necessary level of detail" required to address his complaints. *Raub v. Correctional Medical Services, Inc.,* 2008 WL 160611, at *3 (E.D.Mich. 2008) (Duggan, J.)(internal citations and punctuation omitted).

## IV. CONCLUSION

For these reasons, I recommend that Defendant DeForest's motion to dismiss [Docket #8] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: March 1, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 1, 2010.

S/G.Wilson<br>
Judicial Assistant