UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY I. HUDSON,

      Plaintiff,

                                    Case No. 09-11245

v.

                                    HONORABLE DENISE PAGE HOOD

CORBY DEFOREST, FRANCELIA
WONDERS AND MICHIGAN BRAILLE
TRANSCRIBING FUND,

      Defendants.

_____/

## ORDER RE: REPORTS AND RECOMMENDATIONS

This matter is before the Court on Magistrate Judge R. Steven Whalen's Reports and Recommendations. *See* Dkt. Nos. 35, 36 and 37. Plaintiff, proceeding *pro se*, filed the present prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants, Corby DeForest, Francelia Wonders and Michigan Braille Transcribing Fund (MBTF), have violated his First, Eighth and Fourteenth Amendment rights. Plaintiff is vision impaired and currently housed at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. The crux of Plaintiff's Complaint is that Defendant DeForest, JCF's Classification Director, has improperly refused to assign him a job because of his vision impairment. Similarly, Plaintiff argues that Defendant MBTF, a private, non-profit corporation that produces Braille material for blind students and adults from a facility located on the grounds of the JCF and its former CEO and President, Defendant Wonders, have violated his rights for failing to hire him.

      A.      **Standard of Review**

1

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate." *Id*.

In order to have preserved his right to appeal the Magistrate Judge's report and recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within fourteen days of service of a copy as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); Howard *v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**B.   March 1, 2010 Report and Recommendation (re: Defendant Corby DeForest's Motion to Dismiss for Failure to Exhaust Administrative Remedies)**

The Magistrate Judge concluded that Defendant DeForest's Motion to Dismiss for Failure to Exhaust Administrative Remedies should be denied. No objections have been filed to this Report and Recommendation. The Court agrees with the Magistrate Judge's conclusion and denies Defendant DeForest's Motion to Dismiss. Specifically, the Magistrate Judge properly found that Defendant DeForest's contention that Plaintiff's failure to name her in his February 28, 2007, Step I grievance requires that his Complaint be dismissed is without merit. Defendant DeForest was sufficiently identifiable by the contents of his grievance, which is evidenced by the prison staff's response to the grievance, who were aware that she was the employee targeted by his grievance. Accordingly, Plaintiff's failure to identify Defendant DeForest is not fatal to his claim, and he has properly exhausted his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

**C.    March 2, 2010 Report and Recommendation (re: Defendant DeForest's Motion for Summary Judgment)**

The Magistrate Judge recommended that Defendant DeForest's Motion for Summary Judgment be granted. No objections have been filed to this Report and Recommendation. The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. Plaintiff has failed to present this Court with a genuine issue of fact as to his claims under the First, Eighth, and Fourteenth Amendments. The Court further notes that, to the extent, Plaintiff has brought a claim pursuant to the Americans With Disabilities Act, 24 U.S.C. §12101 *et seq.*, such a claim likewise is subject to entry of judgment in Defendant DeForest's favor as Plaintiff has not shown that he was "otherwise qualified" for the position or that Defendant DeForest intentionally discriminated against Plaintiff on the basis of his vision impairment. *See Tucker v. Tennessee*, 539 F. 3d 526, 532-533 (6th Cir. 2008). Accordingly, Defendant DeForest's Motion for Summary Judgment is granted.

**D.    March 1, 2010 Report and Recommendation (re: Defendant MBTF and Ms. Wonders' Motion for Judgment on the Pleadings/Summary Judgment)**

The Magistrate Judge recommended that Defendants MBTF and Ms. Wonder's July 13, 2009 Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), or in the Alternative for Summary Judgment Pursuant to Fed. R. Civ. P. 56 be granted.[1] Specifically, the Magistrate Judge concluded that Defendants MBTF and Ms. Wonders should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Court agrees. While Plaintiff did sufficiently identify

---

[1] Defendant MBTF and Ms. Wonders filed an identical motion on August 21, 2009, which the Magistrate Judge referred to as Defendants' Renewed Motion for Summary Judgment. The Magistrate Judge recommended that this motion be denied as moot.

3

the target of his Step I grievance to be Defendant DeForest, Plaintiff did not mention Ms. Wonders or reference an individual responsible for making the hiring decisions at MBTF in his grievance. Additionally, Plaintiff did not state any misconduct on the part of MBTF, he merely argued that he should be given an opportunity to be placed in the job pool, because "[i]f I'm not mistaken, there is a Braille manufacturing factory on the grounds." *See* Defendants' Mot. for Summ. J., Ex. B. Therefore, Plaintiff failed to properly exhaust his administrative remedies before filing suit because the MDOC grievance policy requires that all names of those involved be included in the grievance. *Id.*, Ex. C; *see also*, *Woodford v. Ngo*, 548 U.S. 81 (2006).

On March 15, 2010, Defendants MBTF and Ms. Wonders filed objections to the Magistrate Judge's March 1, 2010 Report and Recommendation. Defendants do not object to the Magistrate Judge's conclusion that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies, however Defendants object to the Magistrate Judge's decision to not review Plaintiff's claims on the merits. To promote judicial economy and to avoid further exhaustion, Defendants maintain that this Court should review Plaintiff's claims, which according to Defendants, are without merit. This Court agrees.

The Magistrate Judge noted, citing *Johnson v. County of Wayne*, No. 08-10209, 2008 WL 4279359, *3(E.D. Mich. Sept. 16, 2008) that "a prisoner's failure to comply with the PLRA's exhaustion requirement deprives a district court of the ability to address the merits of his claims," however this does not prevent the district court from dismissing claims that are without merit. *See* 42 U.S.C. § 1997e(c)(2); *see also, Casanova v. Dubois*, 289 F. 3d 142 (1st Cir. 2002). 42 U.S.C. § 1997(e)(c)(2) states:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

4

> immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997(e)(c)(2).

Defendants are correct that even if Plaintiff had exhausted his administrative remedies, his claim would nonetheless be subject to dismissal because he cannot state a valid claim under 42 U.S.C. § 1983. In order to state a claim under § 1983, a claimant must demonstrate: (1) that there was a deprivation of a right secured by the Constitution, and (2) that the deprivation was caused by a person acting under color of state law. *See Tahfs v. Proctor*, 316 F. 3d 584 (6th Cir. 1984).

It is unclear what constitutionally protected right Plaintiff claims that Defendant have violated. To the extent he argues that he was entitled to a position with Defendant MBTF, he is without recourse as employment is not a right protected by the Constitution. *See Sutton v. Cleveland Board of Education*, 958 F. 2d 1339, 1351 (6th Cir. 1992). Furthermore, Defendants MBTF and Ms. Wonders are not state actors, because Michigan Braille is a non-profit, private corporation. A private corporation may be considered a person acting under color of state law if (1) the deprivation complained of was caused by the exercise of some right or privilege created by the state and (2) the offending party acted together with or has obtained significant aid from state officials, or because his conduct was otherwise chargeable to the State. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F. 3d 899, 902 (6th Cir. 2003). Here, Defendant MBTF is entirely privately funded, with its only provision in the state Appropriations Bill being the grant of use of the building, which was built by Defendant MBTF and later donated to the State of Michigan. *See* Defs.' Mot. for Summ. J., Ex. A. Defendant MBTF is run by a board of directors, only one of whom is an employee of the State of Michigan, with all decisions being made by majority vote. *Id.* All hiring and firing decisions are

5

made by Defendant MBTF. *Id.* Lastly, there is no contract between Defendant MBTF and the MDOC. *Id.* Plaintiff cannot establish the requisite relationship between Defendants MBTF and Ms. Wonders to sustain an action under § 1983.

Accordingly,

IT IS ORDERED that the March 1, 2010 Report and Recommendation [**Docket No. 35**] of Magistrate Judge R. Steven Whalen is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant Corby DeForest's Motion to Dismiss for Failure to Exhaust Administrative Remedies as Required by 42 U.S.C. § 1997(e)(a) **[Docket No. 8, filed May 20, 2009]** is DENIED.

IT IS FURTHER ORDERED that the March 2, 2010 Report and Recommendation [**Docket No. 37**] of R. Steven Whalen is ACCEPTED and ADOPTED as this Court's findings and conclusions of law. IT IS FURTHER ORDERED that Defendant Corby DeForest's Motion for Summary Judgment [**Docket No. 22, filed on August 3, 2009**] is GRANTED.

IT IS FURTHER ORDERED that the March 1, 2010 Report and Recommendation of Magistrate Judge R. Steven Whalen [**Docket No. 36**] is ACCEPTED IN PART AND REJECTED IN PART.

IT IS FURTHER ORDERED that Defendants MBTF and Francelia Wonders' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or in the Alternative Summary Judgment Pursuant to Fed. R. Civ. P. 56 [**Docket No. 20, filed July 13, 2009**] is GRANTED.

IT IS FURTHER ORDERED that Defendants Michigan Braille Transcribing Fund and Francelia Wonders' Renewed Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P.

12(c) or in the Alternative Summary Judgment Pursuant to Fed. R. Civ. P. 56 [**Docket No. 25, filed on August 21, 2009**] is MOOT.

       IT IS FURTHER ORDERED that this cause of action is dismissed.

                                           S/Denise Page Hood  
                                           Denise Page Hood  
                                           United States District Judge

Dated: March 24, 2010

       I hereby certify that a copy of the foregoing document was served upon Cory I. Hudson, Reg. No. 490180, G. Robert Cotton Correctional Facility, 3500 N. Elm Rd., Jackson, MI 49201 and counsel of record on March 24, 2010, by electronic and/or ordinary mail.

                                           S/William F. Lewis  
                                           Case Manager